*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *WILLIAM McLAUGHLIN, d/b/a* | ) | |
| *FIVE STAR COMMUNICATIONS,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *Docket No. 05-3-P-S* |
| | ) | |
| *BANKNORTH, N.A.,* | ) | |
| | ) | |
| *Defendant* | ) | |

*RECOMMENDED DECISION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT*

Both the plaintiff, William McLaughlin, and the defendant, Banknorth, N.A., have moved for summary judgment in this action arising out of the service of trustee process on the defendant by the plaintiff in connection with a prejudgment motion for attachment and trustee process brought in a state-court action. I recommend that the court grant the defendant's motion and deny that of the plaintiff.

**I. Summary Judgment Standard**

**A. Federal Rule of Civil Procedure 56**

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Santoni v. Potter*, 369 F.3d 594, 598 (1st Cir. 2004). "In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant. By like token, 'genuine' means that 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving

1

party.'"  *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93-94 (1st Cir. 2001) (quoting *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor.  *Santoni,* 369 F.3d at 598. Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue."  *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed. R. Civ. P. 56(e).  "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party."  *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

"This framework is not altered by the presence of cross-motions for summary judgment." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 6 (1st Cir. 2003).  "[T]he court must mull each motion separately, drawing inferences against each movant in turn."  *Id*. (citation omitted); *see also, e.g., Wightman v. Springfield Terminal Ry. Co*., 100 F.3d 228, 230 (1st Cir. 1996) ("Cross motions for summary judgment neither alter the basic Rule 56 standard, nor warrant the grant of summary judgment *per se*.  Cross motions simply require us to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed.  As always, we resolve all factual disputes and any competing, rational inferences in the light most favorable to the [nonmovant].") (citations omitted).

**B.  Local Rule 56**

The evidence the court may consider in deciding whether genuine issues of material fact exist for purposes of summary judgment is circumscribed by the Local Rules of this District.  *See* Loc. R. 56.  The moving party must first file a statement of material facts that it claims are not in dispute.  *See* Loc. R. 56(b).  Each fact must be set forth in a numbered paragraph and supported by a specific record citation.  *See id*.  The nonmoving party must then submit a responsive "separate, short, and concise" statement of material facts in which it must "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts[.]"  Loc. R. 56(c).  The nonmovant likewise must support each denial or qualification with an appropriate record citation.  *See id*.  The nonmoving party may also submit its own additional statement of material facts that it contends are not in dispute, each supported by a specific record citation.  *See id*.  The movant then must respond to the nonmoving party's statement of additional facts, if any, by way of a reply statement of material facts in which it must "admit, deny or qualify such additional facts by reference to the numbered paragraphs" of the nonmovant's statement.  *See* Loc. R. 56(d).  Again, each denial or qualification must be supported by an appropriate record citation.  *See id*.

Failure to comply with Local Rule 56 can result in serious consequences.  "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."  Loc. R. 56(e).  In addition, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment" and has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of fact."  *Id*.; *see also, e.g., Cosme-Rosado v. Serrano-Rodriguez*, 360 F.3d 42, 45 (1st Cir. 2004) ("We have consistently upheld the enforcement of [Puerto Rico's similar local] rule, noting repeatedly that parties ignore it at

their peril and that failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted." (citations and internal punctuation omitted).

## II.  Factual Background

The following undisputed material facts are properly supported in the parties' statements of material facts submitted pursuant to this court's Local Rule 56.  The plaintiff has not responded to the defendant's statement of material facts.  Therefore, the facts presented by the defendant are deemed to have been admitted by the plaintiff to the extent that they are supported by citations to the summary judgment record as required by the local rule.  Local Rule 56(f).

On September 23, 2004 the plaintiff filed a complaint in the Maine Superior Court (York County), docketed as CV-04-296, against American A/V seeking to collect $147,524.00 which American A/V owed to the plaintiff.  Statement of Material, Undisputed Facts ("Plaintiff's SMF") (Docket No. 7) ¶ 3; Defendant Banknorth, N.A.'s Opposing Statement of Material Facts, etc. ("Defendant's Responsive SMF") (Docket No. 9) ¶ 3.  On September 24, 2004 that court issued an order approving attachment on trustee process in the amount of $147,524.00.  *Id*. ¶ 4.  On September 27, 2004 a summons to trustee was served on the defendant.  *Id*. ¶ 5.  On September 27, 2004 American A/V's account with the defendant had a negative balance of $80,585.16.  Defendant Banknorth, N.A.'s Statement of Material Facts, etc. ("Defendant's SMF") (Docket No. 11) ¶ 4.  As of September 27, 2004 American A/V had a number of credit arrangements with the defendant, including a commercial checking account with overdraft protection and a commercial line of credit.  *Id*. ¶ 8. With respect to these arrangements, American A/V was indebted to Banknorth in the amount of $858,839.54 on September 27, 2005.  *Id*. ¶ 9.

On October 6, 2004 the defendant filed a trustee disclosure indicating that "[a]t the time of service, Banknorth, N.A. f/k/a Peoples Heritage Bank, N.A. to the best of their knowledge in the name of Defendant, American A/V, had no accounts." Plaintiff's SMF ¶ 6; Defendant's Responsive SMF ¶ 6. The defendant clarified its response on October 8, 2004, reporting that it held no funds of American A/V at the time of the September 27 summons. Defendant's SMF ¶ 7. The defendant did not freeze funds that were deposited in American A/V's account after the defendant received the September 27 summons, Plaintiff's SMF ¶ 8, Defendant's Responsive SMF ¶ 8; there were no funds in the account to freeze on that date, Defendant's Responsive SMF ¶ 8. The defendant did not prohibit withdrawals from American A/V's account after receiving the September 27 summons. Plaintiff's SMF ¶ 9; Defendant's Responsive SMF ¶ 9.

From September 30, 2004 to October 20, 2004 American A/V's account was credited with deposits totaling $202,416.61, *id*. ¶ 10, all of which consisted of advances from the American A/V line of credit, Defendant's SMF ¶ 15. The defendant was served with a second summons on October 8, 2004, at which time American A/V's account had a positive balance of $15,142.34. Defendant's SMF ¶ 17. On October 8, 2004 American A/V owed the defendant $885,552.54 plus interest of $5,374.61. *Id.* ¶ 18. On that date, the defendant exercised its right of set-off and swept all funds from the American A/V account in partial satisfaction of American A/V's debt to the defendant. *Id.* ¶ 19. On October 12, 2004 the defendant filed a trustee disclosure reporting that at the time of service American A/V had no funds available to be trusteed. *Id*. ¶ 20.

On November 24, 2004 the plaintiff obtained an order for default judgment against American A/V in the amount of $147,524.00 plus interest and costs. Plaintiff's SMF ¶ 14; Defendant's Responsive SMF ¶ 14. On November 29, 2004 the plaintiff demanded that the defendant tender the judgment amount. *Id*. ¶ 16. The defendant has refused to tender the judgment amount to the plaintiff

and contends that it has "properly discharged its duty pursuant to 14 M.R.S.A. § 2603." *Id*. ¶ 17. From September 27, 2004 to May 5, 2005 American A/V has at all times been indebted to the defendant in an amount greatly exceeding $147,524.00.  Defendant's SMF ¶ 21.

### III.  Discussion

The plaintiff seeks a declaratory judgment "clarify[ing] the parties' respective rights and obligations" "pursuant to 14 M.R.S.A. § 2603." Declaratory Judgment Complaint (Docket No. 1) at 1. In his motion for summary judgment, the plaintiff contends, without citation to authority, that Maine law required the defendant to freeze any funds that came into American A/V's account at any time after it was served with the first trustee summons on September 27, 2004 and that the defendant should accordingly be ordered to pay him the full amount of his state-court judgment.  Plaintiff's Motion for Summary Judgment (Docket No. 6) at 1-2.  The defendant responds, and contends in its own motion, that under Maine law a trustee may only bind those goods, effects or credits of the debtor-defendant that are actually in its possession at the time of service of the trustee summons.  Banknorth, N.A.'s Opposition to Plaintiff's Motion for Summary Judgment, etc. (Docket No. 8) at 1; Banknorth, N.A.'s Motion for Summary Judgment, etc. ("Defendant's Motion") (Docket No. 10) at 2.[1]

The statute at issue provides, in relevant part:

> Service on the trustee binds all goods, effects or credits of the principal defendant entrusted to and deposited in the trustee's possession, to respond to the final judgment in the action, as when attached by ordinary process if process describing the principal defendant with reasonable certainty is received at a time and in a manner that affords the trustee a reasonable opportunity to act on it.

---

[1] The plaintiff has filed no response to the defendant's motion for summary judgment.  Under these circumstances, the court may not merely grant the unopposed motion.  "Rather, before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." *Lopez v. Corporación Azucarera de Puerto Rico*, 938 F.2d 1510, 1517 (1st Cir. 1991) (citation and internal punctuation omitted).

14 M.R.S.A. § 2603.   On its face, this statute appears to apply only to credits or goods entrusted to

and deposited with the trustee and in its possession as of the date of service of trustee process.  The

use of the past tense makes this construction much more reasonable than the construction urged by the

plaintiff, which would read verbs in the past tense to apply to the future as well.  However, because

that is not the only possible construction of the statutory language, the court may look to other authority

as well.

The defendant relies, *inter alia*, on 14 M.R.S.A. § 2630 in support of its contention that it was

not required to "freeze" whatever advances from American A/V's line of credit with the defendant

came into American A/V's checking account with the defendant once the September 27 summons had

been served on it.  Defendant's Motion at 10-11.  That statute, which is part of the same chapter of

Title 14 as is section 2603, provides:

> Every trustee may retain or deduct out of the goods, effects and credits in
> his hands all his demands against the principal defendant, or which he could
> have availed himself if he had not been summoned as trustee, by way of
> counterclaim on trial or by a setoff of judgments or executions between
> himself and the principal defendant, except unliquidated damages for wrongs
> and injuries.  He is liable for the balance only, after their mutual demands are
> adjusted.

14 M.R.S.A. § 2630.  Contrary to the defendant's argument, Defendant's Motion at 10-11, this statute

does not defeat the plaintiff's claim, because the defendant has not shown that its use of the funds that

came into American A/V's checking account to set off debts owed to the defendant by American A/V

was authorized by judgment or execution.  The statute does demonstrate, however, that the Maine

Legislature did not consider section 2603 to give an attaching plaintiff absolute primacy over any other

claim on funds in possession of a trustee.

In construing the statutory predecessor of section 2603, the Maine Law Court held that "[t]he

single question . . . to be determined in charging a trustee, is the amount of the goods, effects or credits

belonging to the debtor in the hands of the alleged trustee at the time of service upon the latter." *Davis v. United States Bobbin & Shuttle Co.*, 118 Me. 285, 285 (1919).  In Massachusetts, where the governing statutory language is similar,[2] the Supreme Judicial Court has held:

> Money cannot be attached by trustee process, unless when service is made on the trustee it is due absolutely and without any contingency, except that of time.  It is immaterial that there may eventually be something due from the trustee to the defendant or that it is probable that some amount may become payable.  The trustee is chargeable only upon the facts existing when the writ was served on it.

*Krogman v. Rice Bros. Co.*, 135 N.E. 161, 164 (Mass. 1922) (citations omitted).  More recent and more directly on point is the 2003 decision of the Appeals Court of Massachusetts in *Chang v. BankBoston, N.A.*, 787 N.E.2d 1144 (Mass. App. 2003).

> When the trustee process summons was served on the Bank, [the underlying defendant's] debt to the Bank exceeded by a wide margin any assets it had on deposit.  The bases for the Bank's no funds answer to the summons were its security interest and right of set-off.
>
> * * *
>
> There has been a considerable accretion of case law which stands for this principle: if a trustee has a right of set-off at the time the trustee process summons arrives, equal to or exceeding the amount sought to be attached, the trustee may answer, "no funds."

*Id*. at 1146.  I find this case authority to be persuasive, given both the similarity of the statutory language and the use by the Law Court in *Davis* of the phrase "in the hands of the alleged trustee at the time of service."

I note that the defendant also had a security interest in and a right to set off the funds under its written agreements with American A/V with respect to the line of credit and business deposit account.  Defendant's SMF ¶¶ 10, 14.  Sections of the Uniform Commercial Code as it has been adopted in Maine support the defendant's position.  "A security interest held by a secured party having control of

---

[2] "The goods, effects or credits of the defendant intrusted to, or deposited in the hands or possession of, a person summoned as his trustee shall . . . be attached and held to respond to the final judgment, as if they had been attached upon an original writ of attachment (*continued on next page*)

the deposit account under section 9-1104[3] has priority over a conflicting security interest held by a secured party that does not have control." 11 M.R.S.A. § 9-1327(1). "[A] bank with which a deposit account is maintained may exercise any right of recoupment or setoff against a secured party that holds a security interest in the deposit account." 11 M.R.S.A. § 9-1340(1). Under the circumstances of this case, the plaintiff is not entitled to any funds from the defendant.

### IV. Conclusion

For the foregoing reasons, I recommend that the plaintiff's motion for summary judgment be **DENIED** and that the defendant's motion for summary judgment be **GRANTED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 16th day of June, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

---

. . . ."  Mass. Gen. Laws Ann. ch. 246, § 20 (2004).

[3] "A secured party has control of a deposit account if . . . [t]he secured party is the bank with which the deposit account is maintained." 11 M.R.S.A. § 9-1104(1)(a).